ISIDOR SCHMEIDLER, APPELLANT, v. CITY OF ATLANTIC CITY, RESPONDENT.

Argued May 21, 1925—Decided May 17, 1926.

The board of commissioners in Atlantic City, elected under the provisions of the Walsh act (*Pamph. L.* 1911, *p.* 462), is clothed with power to abolish the office of mercantile appraiser, created by the city charter of 1902, and to transfer the performance of the duties thereof to some other municipal agency, created by and existing under the Walsh act.

---

On appeal from the Supreme Court.

For the appellant, *Thompson & Hanstein.*

For the respondent, *W. Frank Sooy.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This is a proceeding on *certiorari,* brought to test the validity of an ordinance passed by the board of commissioners of the city of Atlantic City in April, 1924, by the provisions of which the office of mercantile appraiser in that city, and theretofore held by Schmeidler, the prosecutor of the writ, was abolished, and the duties thereof transferred to the director of revenue and finance.    The office of mercantile appraiser was created by the city charter of 1902, and the contention of the prosecutor before the Supreme Court was that such an office cannot be abolished by ordinance, notwithstanding the fact that some years ago the voters of Atlantic City adopted the provisions of the act of April 25th, 1911 (*Pamph. L., p.* 462)—commonly known as the Walsh act—the fundamental purpose of which is to substitute a commission form of government in the place of that then existing in a municipality which should adopt the provisions thereof.    The Supreme Court affirmed the validity of the ordinance, and the present appeal is taken to review the judgment of the affirmance.

The question presented for our decision is that which was submitted to the Supreme Court for its determination, namely, whether the board of commissioners in Atlantic City is clothed with power to abolish the office in question and to transfer the performance of the duties thereof to some other municipal agency, created by and existing under the Walsh act.

By section 4 of the act under consideration the board of commissioners is clothed with all administrative, judicial and legislative powers and duties theretofore vested in the mayor, city council and other executive or legislative bodies, and is given "complete control over the affairs of the cities adopting the provisions of this act."    All these powers, executive, administrative and legislative, are to be distributed

among five departments, each of which is to be under the control of one of the commissioners, and one of which departments is the "department of revenue and finance." The statute requires the board of commissioners to determine the various powers of, and duties to be performed by, each department, and to assign the execution of such powers and the performance of such duties to the appropriate department; and, further, "to prescribe the powers and duties of all municipal officers and employes." The board is further authorized and required in this same section, at their first meeting or as soon as may be after organization, to "create such subordinate boards and appoint such officers as it may deem necessary for the proper and efficient conduct of the affairs of the city." It is significant that this latter power is the appointment of all officers that the board may deem necessary for the proper and efficient conduct of the affairs of the city, and does not impose the duty of filling pre-existing offices, which, by an earlier provision of the Walsh act, had become vacant upon the adoption of the commission form of government. This power of appointment of such officers as the board may deem necessary *for the proper and efficient conduct of the affairs of the city carries with it,* in our opinion, by necessary implication, the power to abolish all pre-existing administrative offices, whether created by the legislature or the municipality, the performance of the duties of which has been assigned by the commission to a governmental department of which such office constitutes no part, and which has no place in the municipal machinery provided for the proper and efficient conduct of municipal affairs under the new scheme of government.

And this view, it seems to us, is supported by the enactment of the supplement to the Walsh act (*Pamph. L.* 1913, *p.* 581), the purpose of which is expressed in the preamble thereto, as follows: "Whereas, the cardinal principle sought to be attained by means of the above-entitled act" (*i. e.,* the original statute), "was the concentration of the power and responsibilities of municipal government in one elective body, and it is deemed expedient that the operation of said act, upon

its adoption, should be made clear in this regard, therefore," &c. From a reading of the body of the amendment it would seem that, although the cardinal purpose of the statute was the concentration of all the powers and responsibilities of the government in one elective commission, there apparently existed some doubt among the various municipal commissions operating under the statute, and, perhaps, in the minds of others, whether by the original act this commission had authority to abolish all then existing boards and bodies to which had been previously entrusted the administration of certain departments of the municipal governments. The purpose of the enactment of the supplement seems to have been to clear up such doubts, and this was done by the abolition by the supplement of all such boards and bodies. The fact that the supplement makes no reference to municipal offices administrative in their character and created prior to the adoption of the Walsh act, indicates, we think, that the legislature considered that the power to abolish such offices by these new governmental commissions was conferred by the original statute by clear terms, for, if it had considered that this power was left in doubt by the original statute, there can be no question, we think, but that it would have abolished all such offices, in view of the language of the preamble which has been cited, and its omission is a demonstration, therefore, that the legislature considered that the power which was exercised in the present case was vested in these commissions by the original enactment.

For the reasons indicated, the judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, MINTURN, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ.    7.

*For reversal*—PARKER, KATZENBACH, JJ.    2.